UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREGORY MUNOZ,<br><br>                Plaintiff,<br>v.<br>CHARTIS PROPERTY CASUALY COMPANY,<br><br>                Defendant. | Case No. 2:14-cv-0087-APG-PAL<br><br>ORDER<br><br>(Mot. Compel – Dkt. #42) |

The court conducted a hearing on Defendant's Motion to Compel (Dkt. #42) on July 3, 2014. Preston Rezaee appeared on behalf of the Plaintiff, and James Wagoner appeared on behalf of the Defendant. The four non-party corporations who are the subject of the Motion to Compel did not file a response to the motion, retain counsel, or appear at the hearing. The court has considered the Motion, the Declaration of James P. Wagoner in support (Dkt. #43), Plaintiff's Opposition (Dkt. #52), Defendant's Reply (Dkt. #54), and the arguments of counsel at the hearing.

## BACKGROUND

This is an action filed by Plaintiff Gregory Munoz ("Munoz") arising out of an automobile accident that occurred on January 16, 2011. On that date, Plaintiff was driving a 2010 Chevy Silverado and was injured in a motor vehicle accident. Plaintiff obtained a judgment against the tortfeasor in excess of $26 million and has recovered the tortfeasor's policy limits. Plaintiff has also recovered other available coverage under underinsured motorist policies issued by EMC and Foremost.

The Complaint asserts claims for breach of contract, bad faith, and violations of the Nevada Unfair Claims Practices Act against Defendant Chartis Property Casualty Company

("Chartis"), who denied coverage based on an exclusion of the Chartis policy for bodily injury sustained by an insured while occupying, or when struck by, any motor vehicle owned by that insured which is not insured for coverage under the Chartis policy. At the time of the accident, Munoz did not insure the Chevy Silverado through Chartis. Chartis eventually tendered $15,000 of its UIM policy limits pursuant to the Nevada Motor Vehicle Safety Responsibility Act. The parties' primary dispute in this case is whether Munoz, or one of his corporations, is the actual owner of the 2010 Chevy Silverado involved in the accident. Munoz claims he purchased the truck for one of his four businesses, but it was not the actual owner of the vehicle on the date of the accident. Chartis maintains that the documentation provided during the claims adjusting process indicates Munoz remained the registered owner of the vehicle and did not transfer ownership of the vehicle to one of his corporations until approximately three weeks after the accident.

Prior to suit, Munoz produced approximately fifty pages of documents supporting his claim that he did not personally own the vehicle and that it belonged to one or more of Munoz's companies. Munoz's deposition was taken November 25, 2013. During the examination, Munoz was asked whether there was any additional supporting documentation and repeatedly answered that he did not know and would have to check. As a result, counsel for Chartis requested and received Munoz's signed consent and authorization to release information allowing Circle S Development, 4 M, American Builder Services, and Hammond Caulking to release all records pertaining to the transfer of the 2010 Chevy Silverdo involved in the accident. Chartis served the four companies with subpoenas duces tecum April 16, 2014, when it had not received any responsive documents. None of the four companies responded to the subpoenas duces tecum by producing documents or a certificate of custodian of records on or before May 5, 2014, as required by the subpoenas. No individual appeared at the time of the noticed deposition. However, two days before the deadline for complying with the subpoenas, Munoz called defense counsel after hours and left a voicemail indicating he had no additional documents.

///

Chartis' Motion to Compel seeks to compel the corporations to respond to the subpoenas duces tecum. None of the four corporations filed objections to the subpoenas or otherwise opposed the Motion to Compel. Munoz filed an opposition indicating that he has no additional documents and advised counsel for Chartis of this on multiple occasions. Accordingly, Munoz takes the position that his prior production of the fifty pages of documents supplied during the claims adjustment process in his initial disclosures is substantial compliance with the subpoenas. Additionally, Munoz's counsel points out that Chartis did not serve the four corporations with a check for the witness appearance fee or reasonable mileage costs.

Chartis replies that the four non-party corporations waived any objections to the subpoenas by failing to serve objections within fourteen days as required by Rule 45 of the Federal Rules of Civil Procedure. Chartis also argues that Munoz has no standing to object to the subpoenas served on the corporations. The subpoenas were served on the corporations because the documents Munoz produced "raise more questions than they answer." Additionally, Chartis argues that even if there are no more documents in the four non-party corporation's possession, it is entitled to a response to the subpoenas to secure the originally-produced documents as they are kept in the ordinary course of business. Chartis also argues it is entitled to receive a sworn affidavit from the custodian of records of each of the four non-party corporations indicating that all responsive documents are being produced as kept in the ordinary course of business, or at a minimum, an affidavit under penalty of perjury saying there are no documents.

In the reply brief, and at oral argument, counsel for Chartis requested that the custodian of records for each of the four non-party corporations be required to personally appear with the documents for a deposition so that Chartis could inquire what efforts were made to comply with the subpoenas, what records concerning transactions of this nature are ordinarily kept, and whether any additional documents exist responsive to the subpoenas.

Munoz's counsel indicated that he was not appearing as counsel for the non-party corporations, and he was not authorized to accept defense counsel's offer to tender the appearance fees or waive service of the court's order on their behalf. He argued that his client had a brain injury as a result of this accident and thought he had done what he was supposed to

1  do by leaving a voicemail message with opposing counsel indicating he had no additional
2  documents.

3  Having reviewed and considered the moving and responsive papers and the arguments of
4  counsel, the court will compel the four non-party corporations to fully and completely respond to
5  Chartis' subpoenas duces tecum, without objection. The subpoenas seek information relevant
6  and discoverable within the meaning of Rule 26(b). The four corporations were properly served
7  pursuant to the provisions of Rule 45 and were required to produce responsive documents either
8  (a) with a certificate by the custodian of records that the documents were produced as they are
9  kept in the ordinary course of business; or (b) organized and labeled to correspond to the
10 categories in the demand. *See* Fed. R. Civ. P. 45(e)(1)(A). The subpoenas gave the four
11 corporations the opportunity to produce responsive documents with a certificate of the custodian
12 of records or to appear for a custodian of records deposition at the office of counsel for Chartis
13 on May 5, 2014. The corporations did not file a timely response or objections to the subpoenas
14 as required, and did not appear for the scheduled depositions. Accordingly,

15  **IT IS ORDERED** that:

16  1. Chartis' Motion to Compel (Dkt. #42) is **GRANTED**.

17  2. The custodian of records for Circle S Development Corporation shall appear for a
18 custodian of records deposition on **July 22, 2014, at 9:30 a.m.;** the custodian of records for 4 M
19 Corporation shall appear for a custodian of records deposition on **July 22, 2014, at 10:00 a.m.;**
20 the custodian of records for American Builders Services, Inc. shall appear for a custodian of
21 records deposition on **July 22, 2014, at 10:30 a.m.;** and the custodian of records for Hammond
22 Caulking, Inc. shall appear for a custodian of records deposition on **July 22, 2014, at 11:00 a.m.,**
23 all located at the Law Office of McCormick Barstow, Sheppard, Wayte & Carruth, LLP, 8337
24 W. Sunset Rd., Ste. 350, Las Vegas, Nevada 89113.

25  3. The custodian of records shall produce documents responsive to the subpoenas
26 duces tecum previously served on all four corporations.

27 / / /

28 / / /

4

4.      Counsel for Defendant shall serve a copy of this order along with a check, made payable to the custodian of records for each of the four non-party corporations, for the witness fee and reasonable mileage to attend the deposition.

5.      Failure to comply with the order compelling attendance at a custodian of records deposition in compliance with the subpoena duces tecum shall result in the imposition of sanctions, up to and including contempt of court up to and including contempt of court.

DATED this 7th day of July, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE